IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ERIC STAPHAN ARELLANO,<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 5:19-cv-937 |
| PANTHER II TRANSPORTATION,<br>INC. AND<br> OMAR CEMARTINA MANNS<br>*Defendants* | §<br>§<br>§<br>§<br>§ | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES Plaintiff, ERIC STAPHAN ARELLANO, complaining of Defendants, PANTHER II TRANSPORTATION, INC. and OMAR CEMARTINA MANNS, and in support thereof would respectfully show the Court as follows:

### I. VENUE AND JURISDICTION

1. Plaintiff, Eric Staphan Arellano, (hereafter "Plaintiff") is a citizen and resident of the State of Texas.

2. Defendant, Panther II Transportation, Inc. (hereinafter "Defendant Panther"), is a corporation formed in and under the laws of the State of Ohio and may be served with process through its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. Service of summons (with attached pleading) and thus proper notice of this legal proceeding is hereby requested.

3. Defendant, Omar Cemartina Manns (hereafter "Defendant Manns") is a commercial truck driver for Panther II Transportation, Inc., and upon information and belief is a citizen and resident of the State of Virginia. Mr. Manns may be served with

process at his residence address of 3812 Larkin Street, Norfolk, Virginia 23513. Service of summons (with attached pleading) and thus proper notice of this legal proceeding is hereby requested.

4. The matter in controversy exceeds the sum or vale of $75,000, exclusive of interest and costs.

5. Diversity jurisdiction is invoked pursuant to 28 U.S.C. § 1332. The motor vehicle accident, which is the subject of this complaint, occurred on May 21, 2019, in the County of Bexar, State of Texas.

## II. NATURE OF THE CASE

6. On or about May 21, 2019, Plaintiff, Eric Staphan Arellano, was travelling eastbound on Interstate Highway 10, in San Antonio, Bexar County, Texas. Plaintiff was safely and lawfully operating a 2018 Chevrolet C1500 pickup. At approximately the same time, Defendant Panther's employee, Omar Cemartina Manns, acting within the course and scope of his employment, was operating Panther's 2015 Freightliner Cascadia 113 non-detachable truck and trailer unit. Manns was also travelling eastbound on Interstate Highway 10 and was directly behind Plaintiff in the travel lane. Defendant Manns fell asleep, failed to control his speed and suddenly, violently, and without warning, struck the vehicle operated by Plaintiff, causing him serious injuries.

7. At the time of the accident, Defendant Manns (a) was employed by the Defendant, Panther II Transportation, Inc., (b) was driving a non-detachable truck and trailer unit owned by the Defendant, Panther II Transportation, Inc., and (c) was acting within the course and scope of his employment with Panther II Transportation, Inc. At all times material to this incident, Defendant Manns had permission, either express or implied, to operate the Panther truck and trailer unit.

### III. CAUSES OF ACTION

### COUNT I – NEGLIGENCE OF DEFENDANT MANNS

8. The allegations alleged in paragraph 1-7 are realleged and are incorporated herein by reference.

9. Defendant Manns was a professional driver and had a duty to exercise care in the operation of the semi-trailer, and he breached that duty of care by, *intra alia:*

   a. Failing to keep a proper lookout;

   b. Failing to take proper evasive action;

   c. Failing to operate his vehicle in a prudent and reasonable manner;

   d. Failing to maintain a proper speed and control under the circumstances; and

   e. Reckless driving.

10. Defendant Manns's conduct was malicious, willful, reckless or in wanton disregard of the rights and safety of others.

11. As a direct and proximate cause of Defendant Manns's negligence, Plaintiff Eric Staphan Arellano sustained serious injuries and damages, including pain and suffering, mental anguish and distress, loss of enjoyment of life and loss of future earnings. Additionally, Plaintiff Eric Staphan Arellano seeks relief for the injuries and damages pursuant to applicable laws.

### COUNT II – NEGLIGENCE OF DEFENDANT PANTHER

12. Plaintiff, Eric Staphan Arellano, incorporates by reference each and every allegation contained in Paragraphs 1 through 11 of Plaintiff's Original Complaint set forth above as though fully set forth herein.

13. Defendant Manns was an employee of Defendant Panther and was acting within the course and scope of that employment at the time of the accident. As such, Defendant Panther is directly liable for the wrongful acts or omissions of Defendant Manns.

14. Under information and belief, Defendant Panther II Transportation, Inc. is engaged in the business of commercial transportation throughout the United States.

15. Defendant Panther had a duty to exercise reasonable care in the management and operation of its commercial trucks.

16. Additionally, Defendant Panther had an obligation to the public to hire, train, retain, and supervise safe and competent drivers, and is liable for any and all damages that resulted from the negligence in its hiring, training retaining, or supervision of its employees.

17. Defendant Panther failed to exercise reasonable care in the management and operation of its commercial trucks, and failed to exercise reasonable care in the hiring, training supervising and/or retaining of its employees.

18. As a direct and proximate result of the aforementioned negligence and/or acts and omissions of the Defendant Panther, Plaintiff, Eric Staphan Arellano, suffered serious injuries requiring substantial costs and expenses; past, present and future loss of enjoyment of life; past, present and future emotional distress; past, present and future pain and suffering; past, present and future loss of household services; all in an amount not presently determinable, for which he seeks relief pursuant to applicable laws.

### COUNT III: NEGLIGENCE *PER SE*

19. The allegations alleged in paragraphs 1 - 18 are realleged and are incorporated herein by reference.

20. The following acts and/or omissions of Defendants constitute negligence *per se* by Defendants Panther and Manns, jointly and severally, by and through their agents, servants and/or employees acting in the course and scope of employment:

    a.    violation of § 392.2 – "Applicable Operating Rules";

    b.    violation of § 392.3 – "Ill or Fatigued Driver";

    c.    violation of § 66-8-113 – "Reckless Driving" and

    d.    violation of § 66-7-3 NMSA – "Required obedience to traffic laws".

21. The unexcused violation of an administrative regulation or statute or ordinance established to define a reasonably prudent person's standard of care is negligence *per se.*

### COUNT IV. LEGAL DAMAGES AND RECOVERIES TO COMPENSATE PLAINTIFF

22. At the time of his injuries, Plaintiff, Eric Staphan Arellano, was in reasonably good health with a normal life expectancy.

23. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has suffered and will continue to suffer a tremendous loss of life and family. Plaintiff seeks all just and right remedies at law and in equity, including but not limited to:

    A.    Reasonable medical care and expenses in the past.

    B.    Reasonable and necessary medical care and expenses, which will in all reasonable probability be incurred in the future.

  C. Loss of earnings in the past.

  D. Loss of earnings and earning capacity, which will, in all probability, be incurred in the future.

  E. Mental anguish in the past.

  F. Mental anguish in the future, which will in all probability, be incurred in the future.

  G. Pecuniary loss in the past.

  H. Pecuniary loss in the future, which will in all probability, be incurred in the future.

  I. And all other legal damages and just and right compensation as allowed both in law and in equity.

24. All losses, harm, and legal damages suffered by Plaintiff were caused by, and proximately caused by, Defendants' negligent acts and/or omissions (some of which are listed herein). For all such claims and losses, Plaintiff now sues.

25. Plaintiff, Eric Staphan Arellano requests monetary damages and punitive damages against the Defendants in amounts to be fixed by the trier of fact to be just and reasonable, for pre and post-judgment interest, for court costs and for all other appropriate relief.

### JURY DEMAND

26. Plaintiff demands trial by jury.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff and against Defendant, jointly and severally, for compensatory damages in an amount within the jurisdictional limits of the Court; for

exemplary damages, as addressed to each Defendant; for all pre-judgment and post-judgment interest as allowed by law and equity; for all costs of court; and for such other and further relief to which the Plaintiff may be entitled at law or in equity.

Dated:   August 5, 2019

Respectfully submitted,

*/s/ Gregory L. Gowan*
Gregory L. Gowan
Federal ID No. 19991
Texas Bar No. 00765384
**GOWAN ELIZONDO, LLP**
555 N. Carancahua, Suite 1400
Corpus Christi, Texas 78401
Telephone: 361.651.1000
Facsimile: 361.651.1001
ggowan@gelawfirm.com